Duane Ball

3831 La Tierra Terrace

Reno, Nevada 89502

Plaintiff, Pro Se

__Filed __Received __Entered __Served On
Counsel/Parties of Record

MAR 0 2 2026

Clerk US District Court
District of Nevada
By:_____ Deputy

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

---

DUANE BALL,                    ) Case No.: 3:26-cv-00149
                               )
    Plaintiff, Pro Se,         )
                               ) COMPLAINT FOR DAMAGES
v.                             ) (42 U.S.C. § 1983 – Equal Protection;
                               ) Monell Liability)
CITY OF RENO,                  )
                               ) JURY TRIAL DEMANDED
    Defendant.                 )

---

COMPLAINT FOR DAMAGES

INTRODUCTION

1

1. This action arises from the City of Reno's sex-based selective enforcement of Nevada's pandering statute, NRS 201.300. Plaintiff and a similarly situated female participant were implicated within the same evidentiary record in conduct governed by the same criminal statute. Despite possessing equivalent evidence concerning both individuals, Reno Police Department ("RPD") officers pursued investigation and referral for prosecution only against Plaintiff, the male participant, while declining enforcement action against the female participant. Plaintiff challenges these discriminatory enforcement practices under the Equal Protection Clause of the Fourteenth Amendment.

## I. JURISDICTION AND VENUE

2. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this District because the events giving rise to this action occurred in Reno, Washoe County, Nevada.

## II. PARTIES

5. Plaintiff Duane Ball is a resident of Nevada.

6. Defendant City of Reno is a municipal entity organized under Nevada law and is responsible

for the policies, customs, training, supervision, and conduct of the Reno Police Department.

7. At all relevant times, RPD officers acted under color of state law as agents and employees of the City of Reno.

### III. HECK CLARIFICATION

8. Plaintiff does not challenge the validity of his conviction or sentence in this action and does not seek release, reversal, or expungement. Plaintiff challenges discriminatory enforcement practices independent of the conviction's validity.

### IV. FACTUAL BACKGROUND

9. Plaintiff was investigated and prosecuted for Pandering Constituting Domestic Violence in violation of NRS 201.300.

10. The prosecution relied upon text message communications occurring between July 2019 and September 2019.

11. The same text message threads relied upon by RPD also contained communications by

Jamie Armstrong evidencing conduct satisfying the statutory elements of NRS 201.300.

12. These communications included explicit references to financial gain, monetary compensation, and facilitation of prostitution for payment.

13. RPD officers possessed and reviewed the complete text message record forming the evidentiary basis of the case.

14. Despite knowledge that the same evidentiary corpus implicated Armstrong in conduct meeting the elements of NRS 201.300, RPD initiated enforcement action only against Plaintiff.

15. No investigation was meaningfully pursued and no referral for prosecution was initiated against Armstrong.

16. RPD officers exercise discretionary authority over investigative development, evidence framing, and charging referrals to prosecuting agencies.

17. Plaintiff and Armstrong were in a qualifying domestic relationship under Nevada law. However, the differential enforcement concerns the underlying pandering statute independent of any domestic violence designation.

18. During a separate custody-related interaction, an RPD officer stated that "Nevada is a very

pro woman state," reflecting a gender-based enforcement perspective.

19. Upon information and belief, the decision not to investigate or charge Armstrong was consistent with established enforcement practices within RPD.

20. Upon information and belief, the City of Reno maintains a pattern, custom, or practice of enforcing prostitution-related offenses more aggressively against male participants while declining enforcement action against similarly situated female participants.

21. The selective enforcement described above was intentional and based on sex.

## V. CLAIM FOR RELIEF

### COUNT I – Equal Protection (Monell Liability)

22. Plaintiff incorporates all preceding paragraphs.

23. The Equal Protection Clause prohibits selective enforcement of criminal laws based on sex.

24. Plaintiff and Armstrong were similarly situated participants within the same evidentiary record under NRS 201.300.

25. RPD possessed evidence reflecting statutory exposure for both individuals.

26. Only Plaintiff was investigated, referred for prosecution, and prosecuted.

27. The differential enforcement was not based on evidentiary insufficiency but on discriminatory enforcement practices.

28. Prostitution-related offenses under NRS 201.300 are enforced through discretionary investigative decisions by RPD officers.

29. Such discretion creates a risk of gender-based disparity if not governed by neutral policy.

30. In Plaintiff's case, RPD exercised discretion in a manner resulting in enforcement solely against the male participant.

31. Upon information and belief, this disparity is consistent with broader RPD practices.

32. The City of Reno, through its policymakers, ratified such practices by permitting sex-differentiated referrals without corrective action.

33. The City failed to implement adequate training or supervision to ensure sex-neutral enforcement of NRS 201.300.

34. These practices constitute a municipal custom or ratified enforcement pattern.

35. Plaintiff's Equal Protection claim arises from the City's enforcement decisions and does not

depend upon the validity of the subsequent conviction.

36. As a direct result of the City's selective enforcement, Plaintiff suffered unequal application of NRS 201.300, stigmatization, reputational harm, emotional distress, and denial of equal protection of the laws.

## VI. DAMAGES

WHEREFORE, Plaintiff respectfully requests:

A. Compensatory damages in an amount to be determined at trial;
B. Declaratory relief that the City of Reno's enforcement practices violated the Equal Protection Clause;
C. Costs and fees pursuant to 42 U.S.C. § 1988;
D. Such further relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: February 26, 2026

*[signature]*

Duane Ball

Plaintiff, Pro Se

3831 La Tierra Terrace

Reno, Nevada 89502